<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KIMBERLEY STEELE,<br><br>                Plaintiff,<br><br>v.<br><br>WILLIAM D'AUGISTINO, *et al.*,<br><br>                Defendants. | Civil Action No: 23-22006 (SDW) (ESK)<br><br>**WHEREAS OPINION**<br><br><br>November 17, 2023 |

**WIGENTON**, District Judge.

      **THIS MATTER** having come before this Court upon *pro se* Plaintiff Kimberley Steele's ("Plaintiff") Complaint (D.E. 1 at 13–17 ("Compl.")) and accompanying application to proceed *in forma pauperis* (D.E. 1-2 ("IFP Application")), as well as her motion for the appointment of *pro bono* counsel (D.E. 1-6); and

      **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating that he or she is "unable to pay such fees." 28 U.S.C. § 1915(a)(1); and

      **WHEREAS** Plaintiff's IFP Application sufficiently demonstrates that she cannot pay the filing fee. (D.E. 1-2.) The IFP Application indicates that Plaintiff's only income during the past year came from public-assistance payments, that her monthly expenses are greater than her income, and that she has no employment or assets. (*Id.*) This Court will accordingly grant Plaintiff's IFP Application. *See* 28 U.S.C. § 1915(a)(1); and

**WHEREAS** when a litigant petitions the district court to proceed without the prepayment of fees, the district court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *Id.* § 1915(e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** federal courts also "have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). If, at any time, a federal court determines that subject matter jurisdiction is lacking, the action must be dismissed. Fed. R. Civ. P. 12(h)(3); and

**WHEREAS** "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by [the United States] Constitution and [federal] statute[s.]" *In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 911 F.3d 666, 670 (3d Cir. 2018) (second, third, and fourth alterations in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The most common grounds for a federal court's subject matter jurisdiction are federal question jurisdiction and diversity jurisdiction." *Id.* at 671 (citing 28 U.S.C. §§ 1331, 1332); and

**WHEREAS** although both the Complaint and civil cover sheet allege that this Court has jurisdiction over the instant action, the factual allegations show otherwise. (D.E. 1 at 11; Compl. at 14.) Plaintiff asserts that she was wrongly evicted[1] from her prior residence, where she lived with her 10 kittens. (Compl. at 15.) Following her eviction, Plaintiff was placed in a YMCA shelter in Elizabeth, New Jersey. (*Id.*) Although the shelter was able to house Plaintiff, the same

---

[1] Plaintiff does not challenge the circumstances surrounding her eviction. (*See generally* Compl.)

was not true for her kittens.  (*Id.*)  "YMCA shelter workers," however, informed Plaintiff that the kittens "would be okay outside for the night."  (*Id.*)  So Plaintiff left them outside.  (*Id.*)  But when she awoke the next morning, the kittens were gone.  (*Id.*)  Plaintiff accordingly sought out her kittens and eventually came across a person who informed her that Defendant William D'Augistino had taken them.  (*Id.*)  Since then, Plaintiff has allegedly seen her kittens in D'Augistino's backyard and "heard [them] meowing from [D'Augistino's] living room window."  (*Id.*)  Plaintiff has pursued legal action against D'Augistino in municipal court; however, the dispute has not yet been resolved.  (*Id.*)  Plaintiff, in turn, filed this action against D'Augistino[2] through which she mainly seeks to recover her kittens.  (*Id.* at 14–16); and

**WHEREAS** a careful reading of the Complaint makes clear that Plaintiff is asserting a conversion claim[3]—a quintessential state-law claim that plainly does not "aris[e] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  And while courts may exercise diversity jurisdiction over state-law claims, diversity jurisdiction does not lie here; both the Complaint and civil cover sheet indicate that Plaintiff and Defendants are citizens of the same state, and the amount in controversy is below $75,000.  28 U.S.C. § 1332.  Consequently, the Complaint must be dismissed without prejudice[4] for want of jurisdiction; and

---

[2] Plaintiff also lists two other unnamed Defendants:  D'Augistino's wife and "[l]ive[-]in tenant."  (*Id.* at 14.)  It is unclear from the Complaint how these two unnamed Defendants are involved.  (*See generally id.*)

[3] "[C]onversion is the intentional exercise of dominion and control over chattel that seriously interferes with the right of another to control that chattel."  *Meisels v. Fox Rothschild LLP*, 222 A.3d 649, 661 (N.J. 2020) (citing *Chi. Title Ins. Co. v. Ellis*, 978 A.2d 281, 287 (N.J. Super. Ct. App. Div. 2009)); *see also LaPlace v. Briere*, 962 A.2d 1139, 1145 (N.J. Super. Ct. App. Div. 2009) (observing that animals are "chattel" subject to property rights).

[4] "[P]ro se plaintiffs generally must be given an opportunity to amend the complaint."  *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (citations omitted); *see also Graham v. Dep't of the Treasury Internal Rev. Serv.*, No. 22-1285, 2023 WL 3597382, at *2 (3d Cir. May 23, 2023) (per curiam) ("[W]e disfavor dismissing a complaint without giving a pro se litigant an opportunity to amend.").  Although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).  Should Plaintiff choose to file an amended complaint, she must comply with

**WHEREAS** a district court has broad discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There are, however, "significant practical restraints on [a] district court['s] ability to appoint [*pro bono*] counsel." *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993). As such, before doing so, "a district court must assess whether the claimant's case has some arguable merit in fact and law." *Montgomery v. Pinchak*, 294 F.3d 492, 498–99 (3d Cir. 2002) (citing *Tabron*, 6 F.3d at 155). Because this Court lacks jurisdiction over the instant action, it will deny Plaintiff's request for *pro bono* counsel; therefore

Plaintiff's IFP Application is **GRANTED**, the Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's motion for the appointment of *pro bono* counsel is **DENIED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file an amended complaint. Failure to timely file an amended complaint may result in the dismissal of this matter with prejudice. An appropriate order follows.

          /s/ Susan D. Wigenton
      **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:    Parties
       Edward S. Kiel, U.S.M.J.

---

Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted).